GLASHEEN, Respondent, vs. WISCONSIN TRACTION, LIGHT,
HEAT & POWER COMPANY, Appellant.

*December 6, 1916—January 16, 1917.*

*Street and interurban railways: Injury to passenger in alighting:*
*Findings of fact: Evidence: Sufficiency: Competency: Testi-*
*mony of physician: Subjective symptoms: Insufficient objection:*
*Excessive damages.*

1. In an action for injuries sustained while alighting from an inter-
   urban electric car, a finding by the jury that plaintiff was in-
   jured by striking his back against a post on alighting from the
   car is *held* not contrary to all reasonable probabilities, in view
   of the evidence and the fact that two juries have so found and
   two trial judges approved such finding.
2. After plaintiff had testified that he visited a physician for treat-
   ment and not with a view of using him as a witness, *it seems*
   that testimony of the physician as to what symptoms plaintiff
   complained of when he called for treatment was not objection-
   able.  In any event, an objection to the physician's testimony
   before plaintiff had stated the purpose of his visit, sustained at
   that time but not renewed after plaintiff had made such state-
   ment, was not sufficient.
3. Upon evidence tending to show that plaintiff sustained serious in-
   juries resulting in traumatic neurasthenia, that he lost consid-
   erable in weight and was made very nervous, affected with head-
   ache, loss of appetite, and suffered much decreased earning
   power, an award of $1,300, approved by the trial court, is *held*
   not so excessive as to warrant interference therewith on appeal.

APPEAL from a judgment of the circuit court for Outa-
gamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

The claim of plaintiff was that May 4, 1914, he was a
passenger on one of defendant's interurban electric cars
destined for Kimberly, Wisconsin; that upon the car arriving
there and coming to a stop for the purpose of taking on and
discharging passengers, he attempted to alight; that while
endeavoring, with due care, to take the last step, the con-
ductor, with knowledge of his situation, negligently caused

the car to suddenly start, whereby he was thrown off and against a post, severely injuring him.

The claim of the defendant was that plaintiff did not start to leave the car until it was in motion and that he then, carelessly and without fault of defendant, stepped off the same; and that he neither fell nor was thrown off the car, nor was injured by negligence of defendant or by colliding with a post.

There were two trials. On the first the jury found all issues in favor of plaintiff and assessed his damages at $1,500. The verdict was set aside upon the ground, that, though there was evidence, probably warranting a finding that plaintiff collided with a post by being thrown off the car as claimed, or by losing his balance and falling off, the evidence did not warrant the belief that he received any serious injury.

On the second trial, on evidence such as was presented before and additional evidence, the jury found, in effect, this: 1. Plaintiff was injured by striking his back against a post on alighting from the car. 2. The car was suddenly started while he was about to take the last step. 3. By reason thereof he was thrown against a post. 4. Defendant's servants did not exercise the highest degree of care reasonably to be expected in view of the character of the conveyance and the business. 5. Such failure produced the injury to plaintiff as a natural and probable result under the attending circumstances. 6. Such servants, as persons of ordinary care and prudence, ought to have reasonably foreseen that a personal injury to another might probably result from their conduct. 7. Plaintiff was not guilty of want of ordinary care proximately contributing to his injury. 9. It will take $1,300 to compensate him for his injury.

Judgment was rendered on such verdict in plaintiff's favor.

The cause was submitted for the appellant on the brief of *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and

for the respondent on that of *Minahan & Minahan* of Green Bay.

MARSHALL, J. Is the finding that respondent was injured by striking his back against a post contrary to all reasonable probabilities? Appellant's counsel so insists.

It is considered otherwise. The location of the post, the direction respondent was facing when he was caused to suddenly part from the car, the direction it moved at the instant, and other circumstances shown by the evidence, as the jury may properly have viewed it, render the claim of respondent, as to his colliding with a post, quite within the realms of probability. Two juries have so found and two circuit judges have affirmed the findings.

Several questions put to a doctor as to what symptoms respondent complained of when he called for treatment were successfully objected to. Then respondent was examined to show that his visit was for treatment and not with a view of using the doctor as a witness. Then the latter was recalled and asked to relate what respondent said to him at the time of the consultation, and answer was given without objection. It is contended that error was committed by permitting such answer. It does not seem that the evidence was objectionable under the rule that subjective symptoms brought to the attention of a doctor by a patient when he is being consulted in whole, or in part, for the purpose of using him as a witness by such patient cannot be shown; but it is a sufficient answer here that the particular question was not objected to. The situation was quite different when it was asked from that when the previous questions were put; so it would not be considered as covered by the objection thereto. The rule in *Whitney v. Traynor*, 74 Wis. 289, 42 N. W. 267, and similar cases does not apply.

Some objections were made to instructions which have been examined with the result that, if there were inaccura-

cies, or some part of the instructions was not strictly applicable to the situation,—and neither satisfactorily appears,—it is not affirmatively shown that appellant was or may probably have been prejudiced thereby.

The further claim is made that the verdict is excessive. As indicated in the statement, two juries have passed upon the matter. The first verdict of $1,500 was thought to be unwarranted for reasons which were quite fully met on the second trial, as the circuit judge and the jury thought. There certainly was evidence tending to prove that respondent was quite seriously injured; that his trouble was traumatic neurasthenia; that such a condition might probably result from such an occurrence as happened; that he lost considerable in weight and was made very nervous, affected with headache, loss of appetite, and suffered much decreased earning power. On the whole it does not seem that the damages are so clearly unreasonable that we would be justified in overruling the judgment of the trial court approving the verdict. The difficulty with which respondent was afflicted was of such a nature that his personal appearance, probably, materially aided the court and jury in determining the matter.

*By the Court.*—The judgment is affirmed.

